UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GERRY DEAN REECE,                    )
                                     )
                    Petitioner,      )
                                     )
         v.                          )          No. 4:25-cv-00167-SRW
                                     )
MIKE SHEWMAKER,                      )
                                     )
                    Respondent.      )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by self-represented petitioner Gerry Dean Reece.  ECF No. 1.  In January 2025, Petitioner initiated this action by filing his petition and paying the $5 filing fee in the United States District Court for the Western District of Missouri.  The case was transferred to this Court on February 11, 2025.  ECF No. 3.  Upon review of the filings, the Court finds that this § 2254 habeas petition is second or successive, and that Petitioner has not obtained permission from the Eighth Circuit Court of Appeals to file a successive petition.  As such, the petition will be denied and dismissed.  *See* 28 U.S.C. § 2244(b)(3)(A).

**Background**

According to the petition, this case was brought to challenge a conviction and sentence for first-degree murder issued by the Phelps County Circuit Court, case number "CR 3 90 13 FX." ECF No. 1 at 1.  Petitioner pleaded guilty to the murder charge on April 23, 1991, and was sentenced to life imprisonment without probation or parole.  ECF No. 1-1 at 82.  An independent review of Missouri Case.net, the State of Missouri's online docketing system, reveals no such case listing for this old matter.  However, Petitioner attached 281 pages of argument and exhibits to his

Petition that verify this 1991 conviction and sentence. *See* ECF No. 1-1. According to Petitioner's exhibits, his murder charge was originally filed in Lawrence County in January 1988 (case no. "CR488-80FX"), but it was transferred to Phelps County in March 1989—where Petitioner eventually pled guilty and was sentenced in April 1991. *Id.* at 220-26.

It appears that Petitioner initiated a timely action for post-conviction relief under Missouri Rule 24.035 in June 1991. *Id.* at 112 (referencing *Reece v. State*, No. CV391-253CC (25th Jud. Cir.)); *see also Reece v. State*, No. 25V03910253C (25th Jud. Cir. 1992). After an evidentiary hearing, the circuit court denied the motion. However, after two of the four tapes of the evidentiary hearing were lost, the Missouri Court of Appeals remanded the case for a new evidentiary hearing. *Id.* at 277 (citing appeal no. "SD 18515"). Another evidentiary hearing was held in February 1994 and the motion for post-conviction relief was again denied. *Id.* at 219. The Missouri Court of Appeals affirmed in January 1995. *Reece v. State*, 891 S.W.2d 863 (Mo. Ct. App. 1995).

In December 1996, Petitioner initiated an action in this Court for federal habeas relief under § 2254. *Reece v. Bowersox*, No. 4:96-cv-02499-CAS, ECF Nos. 1 & 4 (E.D. Mo. filed Dec. 26, 1996). In that case, Petitioner asserted four grounds for relief: (1) that his plea was not knowingly and voluntarily entered because he was not competent to enter a plea of guilty; (2) that he was denied the effective assistance of counsel because his trial counsel failed to fully investigate whether he was competent to enter a plea of guilty and to litigate the issue of competence; (3) that he was denied the effective assistance of counsel because his former counsel promised him that his case would be reversed on appeal if he pled guilty; and (4) that he was denied the effective assistance of counsel because his trial counsel failed to investigate whether he was working as an informant for the Drug Enforcement Administration (DEA) at the time of the murder. *Id.* at ECF No. 17 at 11-20. On February 2, 1999, Petitioner's § 2254 petition for a writ of habeas corpus was

denied and his case was dismissed. *Id.* at ECF No. 18. It does not appear that Petitioner appealed that dismissal.

Twenty-five years later, in August 2024, Petitioner filed a state-court habeas corpus petition in Texas County, Missouri, alleging that he had newly discovered evidence regarding his 1991 conviction and sentence. *Reece v. Buckner*, No. 24TE-CC00283 (25th Jud. Cir., 2024); *see also* ECF No. 1-1 at 275. The state court denied habeas relief a week after the case was filed. The Missouri Court of Appeals affirmed that decision in October 2024. *Reece v. Buckner*, No. SD38711 (Mo. Ct. App., 2024); *see also* ECF No. 1-1 at 276. Finally, Petitioner's appeal to the Missouri Supreme Court was denied in December 2024. *State ex rel. Reece*, No. SC100862 (Mo., 2024); *see also* ECF No. 1-1 at 280.

### Instant § 2254 Petition

Petitioner initiated the instant § 2254 habeas action on January 22, 2025. ECF No. 1. He attached a lengthy brief to his Court-form petition which makes the same arguments (and appears to contain many of the same handwritten pages) that he made to the state court in his August 2024 habeas petition. Petitioner asserts that he has newly discovered evidence that proves that he is not guilty of first-degree murder. ECF No. 1-1 at 5. Next, Petitioner provides a detailed account of his case background, including how he worked as an informant for the DEA prior to his state-court conviction for murder; how after his transfer to Phelps County jail his new attorneys questioned this involvement with the DEA and "started putting [him] through mental evaluations;" and finally, that as a result of these actions, Petitioner was never able to "get the truth out." *Id.* at 6-13. Petitioner further alleges that he did not see the evidence in his state-court file until 2022 and that the "newly discovered evidence clearly shows that the incarceration, and the length of incarceration, is in violation of federal law." *Id.* at 19-20.

Although it is not entirely clear, Petitioner seems to be asserting that the "newly discovered" evidence is the 1995 decision of the Eighth Circuit Court in *Reece v. Groose*, 60 F.3d 487 (8th Cir. 1995). *See id.* at 49 (stating: "One thing none of them expected, and that is = Exhibit '2,' to come about – that's the only think that saved the Petitioner in this man made hell of prison!"); at 68 (Exhibit Index titling Exhibit 2 as "*Reece v. Groose*, 60 F.3d 487 (8th Cir. 1995)"); & at 83 (printout of the *Reece v. Groose* case from Findlaw). This "new" evidence is a decision on a § 1983 claim brought by Petitioner regarding prison conditions at the Jefferson City Correctional Center. *Id.* at 488. In the appellate court's decision affirming the district court's denial of qualified immunity, the Court recites the facts alleged and states: "Before entering prison, Reece had been an informant for the Drug Enforcement Administration." *Id.*; *see also* ECF No. 1-1 at 84. It appears that Petitioner is using this Eighth Circuit 1995 ruling as evidence that he was a DEA informant prior to his state court conviction.

Petitioner raises four points for relief in his § 2254 petition. *Id.* at 24-60. First, he asserts that his new evidence will show that he is actually innocent and that his attorney tricked him into pleading guilty when he should have taken Petitioner's case to trial and asserted self-defense. *Id.* at 24-39. Second, Petitioner argues that he can establish with new evidence that the trial court's failure to preserve the record for appeal violates his rights. *Id.* at 40-44. It is unclear if Petitioner is discussing the lost tapes from his post-conviction evidentiary hearing, or what unpreserved record he is referring to. Third, Petitioner claims that he received ineffective assistance of trial court counsel due to a conflict of interest. *Id.* at 45-50. Finally, Petitioner alleges that he can establish his innocence with new evidence related the State's failure to disclose material evidence in violation of *Brady v. Maryland*, 373 U.S. 81 (1963). *Id.* at 51-60. Petitioner states that the

4

original prosecutor's office on his case never turned over evidence and actively covered up the fact that Petitioner was an informant for the DEA. *Id.* at 55-56.

Finally, Petitioner asks the Court "to set aside his conviction of first-degree murder, and set a new trial, or release Petitioner totally." ECF No. 1 at 13.

### Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) ... to the filing of a second or successive habeas petition"). The Supreme Court recently discussed this requirement, stating:

> a petitioner cannot bring a second or successive habeas application directly to the district court. Instead, he must first go to the court of appeals and make a "prima facie showing" that the petition satisfies one of §2244(b)(2)'s exceptions, and *that* court has to grant authorization for the petitioner to proceed in district court.

*Rivers v. Guerrero*, 605 U.S. --, 2025 WL 1657406, *4 (June 12, 2025) (citing § 2244(b)(3) (emphasis in original).

Petitioner here filed his first § 2254 petition on his 1991 murder conviction in 1996. *Reece v. Bowersox*, No. 4:96-cv-02499-CAS (E.D. Mo. filed Dec. 26, 1996). It was denied on the merits by this Court in February 1999. The instant § 2254 petition was filed in January 2025. ECF No.

1.  Although the instant petition presents Petitioner's claims as being based on newly discovered evidence, it appears that at least some of Petitioner's arguments are the same or similar to those raised in his first § 2254 petition.  Regardless, it plainly appears that the instant petition is a second or successive petition.

Therefore, to the extent Petitioner seeks to relitigate claims that he brought in his first petition that was denied on the merits, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1).  To the extent that Petitioner seeks to bring new claims for habeas relief, Petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court.  28 U.S.C. § 2244(b)(3)(A).  There is no evidence in the record that Petitioner has sought or received such permission.  Nor does a search of federal court records in PACER—the public access to court electronic records system—reveal any such appellate permission.  Because Petitioner has not been granted leave to file a second or successive habeas petition by the Eighth Circuit Court of Appeals, this petition must be denied and dismissed as successive.  *See Boyd*, 304 F.3d at 814 (stating that a district court should dismiss a second or successive habeas petition for failure to obtain authorization from the Court of Appeals).

Accordingly,

**IT IS HEREBY ORDERED** that the petition for habeas corpus relief under 28 U.S.C. § 2254 [ECF No. 1] is **DENIED and DISMISSED as second or successive**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of June, 2025.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE